UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| BRIAN K. WILLS et al., <br><br> Plaintiffs, <br><br> v. <br><br> HARIOHM PARTNERSHIP et al., <br><br> Defendants. | Case No. 2:19-cv-00090 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Before the Court in this personal-injury action under the Court's diversity jurisdiction is Plaintiffs Brian K. Wills and Amanda Wills's motion under Federal Rule of Civil Procedure 4(a)(2) to amend the state-court summons addressed to Defendant Nanu Patel.[1] (Doc. No. 36.) Plaintiffs allege that Defendants Nanu Patel, Manju Patel, Hiran Patel, Nisha Patel, and Karen Patel (the Patel Defendants) are partners in Defendant Hariohm Partnership. (Doc. No. 25.) The plaintiffs' proposed amended summons is addressed to Hariohm and also names all five Patel Defendants. (Doc. No. 36-2.) Nanu Patel and Hariohm—who have appeared in this action and filed responsive pleadings contesting the sufficiency of process and service of process (Doc. Nos. 9, 21)—oppose the plaintiffs' motion to amend the summons. (Doc. No. 40.) Hariohm and all of the Patel Defendants have also filed a motion for summary judgment based on insufficiency of process and service of process that is currently pending. (Doc. No. 41.) The plaintiffs filed an untimely memorandum of law in support of their motion to amend the summons (Doc. No. 45),

---

[1] As explained herein, the summons at issue was served on Defendant Manju Patel. (Doc. No. 1-2.)

and Nanu Patel and Hariohm filed a supplemental response in opposition (Doc. No. 47). For the reasons that follow, the plaintiffs' motion to amend the summons will be granted.

I.      **Relevant Background**

This action arises out of the plaintiffs' stay at the Comfort Inn and Suites motel in Cookeville, Tennessee, in May 2018. (Doc. No. 25.) The second amended complaint alleges that there was a defective and unreasonably dangerous chair in the plaintiffs' room that broke when Mr. Wills sat on it, causing him to hit his head and "suffer painful, serious, and permanent personal injuries, including but not limited to a herniated disc in the neck that has necessitated surgical intervention." (*Id.* at PageID# 190, ¶ 21.) The plaintiffs initiated this action in the Circuit Court for Putnam County, Tennessee, on April 29, 2019, against Hariohm, which operates the Cookeville Comfort Inn and Suites, and the Patel Defendants, who are each partners in Hariohm. (Doc. No. 1-2.) The state-court records show that the Putnam County Sheriff's Office served a summons addressed to Nanu Patel on May 2, 2019, at the Cookeville Comfort Inn and Suites. (*Id.*) The summons includes the full case caption naming Hariohm Partnership and all five Patel Defendants. (*Id.*) The signed return of service states that "Manju Patel accepted [service] for [Nanu Patel] because he was out of town." (*Id.* at PageID# 28.) The plaintiffs later filed an amended complaint adding Defendants Choice Hotels International (Choice Hotels), which franchises Comfort Inn and Suites motels, and Midwest Lodging Furnishing & Design, Inc. (Midwest Lodging), which distributed the chair. (Doc. No. 1-2.)

Choice Hotels removed the matter to this Court on November 14, 2019. (Doc. No. 1.) Choice Hotels, Hariohm and Nanu Patel, and Midwest Lodging filed answers to the first amended complaint (Doc. Nos. 8, 9, 12) and later amended those answers with the plaintiffs' consent (Doc. Nos. 19–22). Hariohm and Nanu Patel's answers allege that "both process and service of process were insufficient" because "[t]he only summons issued was addressed to Nau Patel" and "Manju

2

Patel was not authorized to accept service" on Nanu's behalf. (Doc. No. 9, PageID# 109–10, ¶ 29; Doc. No. 21, PageID# 167–168, ¶ 29.) Choice Hotels and Midwest Lodging have not contested process or service. (Doc. Nos. 20, 22.)

On April 15, 2020, the plaintiffs filed the second amended complaint (Doc. No. 25) under Federal Rule of Civil Procedure 15(a)(2) with the defendants' written consent (Doc. No. 27). The second amended complaint, which is the operative pleading in this action, adds Defendant Startex Industries, Inc., alleging that Startex was involved in the manufacturing, ordering, distributing, and/or shipping of the chair. (Doc. No. 25.) The plaintiffs bring state tort claims against all of the defendants and seek $500,000.00 in compensatory damages. (*Id.*) Choice Hotels, Midwest Lodging, and Startex answered the second amended complaint (Doc. Nos. 29, 30, 33), and the parties later stipulated to the dismissal of the plaintiffs' claims against Midwest Lodging and Startex without prejudice. (Doc. Nos. 38, 39.)

On August 4, 2020, the plaintiffs filed a motion to amend the summons under Rule 4(a)(2) or, in the alternative, to deem Hariohm served. (Doc. No. 36.) They attached a copy of the original state-court summons addressed to Nanu Patel (Doc. No. 36-1) and a proposed amended federal-court summons to Hariohm (Doc. No. 36-2). Hariohm and Nanu Patel filed a response in opposition on August 14, 2020, arguing that state law prevents the plaintiffs from perfecting service on them at this stage of the litigation. (Doc. No. 40.) On August 27, 2020, the plaintiffs filed a memorandum of law in support of their motion, arguing that state law supports granting leave to amend the summons. (Doc. No. 45.) On August 28, 2020, Hariohm and Nanu Patel filed a supplemental response in opposition, objecting to the plaintiffs' supporting memorandum of law as untimely under this Court's Local Rules and again arguing that state law precludes the relief the plaintiffs seek. (Doc. No. 47.)

3

Case 2:19-cv-00090   Document 63   Filed 10/16/20   Page 3 of 7 PageID #: 381

Meanwhile, on August 17, 2020, Hariohm and all five Patel Defendants filed a motion for summary judgment, arguing that the plaintiffs failed to effect proper service of process on them and that the plaintiffs' claims against them are now time barred. (Doc. Nos. 41, 42.) That motion is now fully briefed and pending before the District Judge. (Doc. Nos. 49, 60.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 4(a)(2) provides that "[t]he court may permit a summons to be amended." Fed. R. Civ. P. 4(a)(2). Courts construe this rule liberally and typically allow amendment to cure technical errors "that are not misleading or prejudicial to the recipient of the [summons]." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1088 (4th ed. updated April 2020). This is because "Rule 4 is a flexible rule which principally requires sufficient notice to the party of claims brought against it, and dismissal is not appropriate unless the party has been prejudiced." *Gottfried v. Frankel*, 818 F.2d 485, 493 (6th Cir. 1987); *see also Inter-City Prods. Corp. v. Willey*, 149 F.R.D. 563, 569 (M.D. Tenn. 1993) ("Absent a showing of material prejudice to the defendants, dismissal of the complaint based on the asserted noncompliance with Rule 4[ ] is not justified."). Consequently, "[a]s long as the summons is sufficiently accurate to provide proper notice, an amendment probably will be allowed and the error deemed harmless." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1088 (4th ed. updated April 2020); *see also Cox v. Cnty. of Yuba*, No. 2:09-cv-01894, 2011 WL 590733, at *6 (E.D. Cal. Feb. 10, 2011) (finding that dismissal would be inappropriate "in the absence of actual prejudice" where summons "put [defendant] on notice of the claims made against him" and, "[i]nstead, Plaintiffs should be allowed to cure the defect by issuance and service of a proper summons"). The Sixth Circuit has held that "a defendant's answer and appearance in an action 'should be enough to prevent any technical error in form from invalidating the process.'"

*Gottfried*, 818 F.2d at 493 (quoting 4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1088 (Supp. 1983)).

**III.     Analysis**

It is blackletter law that federal courts sitting in diversity cases "apply state substantive law and federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *see also Hoven v. Walgreen Co.*, 751 F.3d 778, 783 (6th Cir. 2014) (same). Hariohm and Nanu Patel attempt to reframe the plaintiffs' motion to amend the summons as a statute-of-limitations issue, arguing that state laws governing statute-of-limitations periods are substantive and must be applied in federal diversity actions. (Doc. No. 40.) But Hariohm and Nanu Patel have not cited any legal authority construing a Rule 4(a)(2) motion to amend a summons in this manner, and this Court is not aware of any. Nor have they argued that they will be prejudiced by allowing the plaintiffs to amend the summons.

The Court finds that there is no indication the defendants will suffer material prejudice here. The state-court summons addressed to Nanu Patel and served on Manju Patel at the Cookeville Comfort Inn and Suites named Hariohm and each Patel Defendant in the case caption, and the complaint served with the summons named these defendants in the caption and throughout the pleading. *See Veremis v. Interstate Steel Co.*, 163 F.R.D. 543, 545 (N.D. Ill. 1995) (denying motion to dismiss for insufficient process and service where "complaint was delivered into the hands of [the corporate defendant's] registered agent, named [the corporation] as the defendant in the caption of the summons and named [it] in the caption and throughout the body of the complaint"). Consequently, there is no question that Hariohm and the Patel Defendants received actual notice of the plaintiffs' claims against them, as further evidenced by their appearance in this action, answers, and other filings. *See Gottfried*, 818 F.2d at 493; 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1088 (4th ed. updated April 2020) ("A

defendant's appearance in the action should be enough to prevent any technical error in form from providing a basis for invalidating the process.").

Under Rule 4's "flexible" standard, the plaintiffs' motion to amend the summons will therefore be granted.[2] *Gottfried*, 818 F.2d at 493. The Court will afford the plaintiffs an opportunity to cure any defects in process or service by requesting amended summonses for Hariohm and each of the Patel Defendants. *See Cox*, 2011 WL 590733, at *6. The Court will also extend the period for service under Rule 4(m) and order that any amended summonses "be served on the defendant[s'] counsel, rather than requiring personal service." *McKinney v. Law Off. of James Duncan*, No. CV 09-2605, 2010 WL 668027, at *2 (N.D. Cal. Feb. 19, 2010); *see also* Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *Henderson v. United States*, 517 U.S. 654, 662–63 (1996).

## IV.     Conclusion

For these reasons, the plaintiffs' motion to amend the summons (Doc. No. 36) is GRANTED. The Clerk of Court is DIRECTED to issue the amended summons to Defendant Hariohm Partnership (Doc. No. 36-2). If the plaintiffs still wish to pursue their claims against the Patel Defendants in their individual capacities, the plaintiffs are ORDERED to request amended summonses for each Patel Defendant. *See Cox*, 2011 WL 590733, at *6 (finding "that[,] as a

---

[2]     In reaching this conclusion, the Court has not considered the plaintiffs' untimely memorandum filed in support of their motion to amend the summons. (Doc. No. 45.) Going forward, the plaintiffs are reminded that Local Rule 7.01(a)(2) requires that "every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities" and the memorandum must be filed concurrently with the motion it supports. M.D. Tenn. R. 7.01(a)(2) (motion and supporting memorandum).

procedural matter[,] the Court must individually issue a summons for each Defendant"). The deadline for service under Rule 4(m) is EXTENDED to October 30, 2020. *See Henderson*, 517 U.S. at 662–63. Any amended summonses for Hariohm and the Patel Defendants may be served on these defendants' counsel. *See McKinney*, 2010 WL 668027, at *2.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge